**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **RICHARD KING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No.:** |
| v. | ) | |
| | ) | |
| **WYNDHAM VACATION** | ) | |
| **OWNERSHIP, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S COMPLAINT WITH
DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, RICHARD KING (hereinafter "KING"), and files his Complaint against the Defendant, WYNDHAM VACATION OWNERSHIP, INC. (hereinafter "WYNDHAM") and says:

**NATURE OF THE CLAIMS**

1.      This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA").

2.      This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with, and retaliation for, Plaintiff's lawful exercise of his rights under the FMLA.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

1

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

5.      Plaintiff, KING, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

6.      Defendant, WYNDHAM, is a Delaware for-profit corporation with its principal place of business at 6277 Sea Harbor Dr., Orlando, FL 32821.

7.      Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## FACTS

8.      At all material times, Plaintiff worked for Defendant at 2601 N. Palm Aire Dr., Pompano Beach, FL 33069.

9.      Plaintiff was employed by Defendant for almost five (5) years, from April 2012 through approximately February 2017 and, at the time of his constructive discharge, Plaintiff held the position of "Sales Manager."

10.     Plaintiff was a full-time employee who regularly worked at least forty (40) hours per week.

11.     In or about November 2016, Plaintiff suffered serious medical complications and requested time-off.

12.     Defendant denied Plaintiff's request for time-off and forced Plaintiff to remain at work to Plaintiff's detriment.

2

13.     Shortly thereafter, Plaintiff collapsed and fell to the floor. Plaintiff suffered serious medical injuries, including (but not limited to) breaking his teeth, and nose.

14.     Plaintiff was admitted to the hospital following his collapse.

15.     While in the hospital, Plaintiff was provided protected medical leave under the FMLA.

16.     Defendant interfered with the lawful exercise of Plaintiff's rights under the FMLA and routinely questioned Plaintiff about his medical condition while on leave. For example, Defendant's Director of Sales and Plaintiff's immediate supervisor, Lance Tinsley, sent Plaintiff numerous text messages suggesting that Plaintiff was "faking" his medical condition and demanding that Plaintiff "stop faking," and "return to work."

17.     Upon information and belief, Lance Tinsley further violated Plaintiff's rights by sharing his private health information and spreading rumors in the workplace that Plaintiff was "faking," his medical condition.

18.     On or about January 9, 2017, Plaintiff returned to work from his leave under the FMLA.

19.     Immediately upon his return to work, Defendant issued Plaintiff a baseless disciplinary action / write-up for alleged performance issues. Notably, Defendant suggested that Plaintiff "…failed to meet performance goals," despite Plaintiff being out of work on medical leave for two (2) months and unable to meet said goals.

20.     Despite Plaintiff's leave under FMLA, Defendant held Plaintiff to the same standards as if Plaintiff had not required leave.

21.     Defendant reassigned Plaintiff's direct reports and subordinate employees and inhibited Plaintiff's ability to meet his team's sales goals and/or quotas.

22.     Defendant altered Plaintiff's commission structure and severely limited Plaintiff's commission percentage per sale, thereby limiting Plaintiff's earning potential and causing Plaintiff further harm.

23.     Plaintiff escalated his concerns and reported the discriminatory and retaliatory conduct to Defendant's Regional Human Resources Manager, Michael Lesito.

24.     Defendant failed to take corrective action.

25.     As a result of Defendant's retaliatory conduct and refusal to provide corrective action, on or about February 17, 2017, Plaintiff was forced to tender his resignation, thereby resulting in his constructive discharge.

26.     Plaintiff has been damaged by Defendant's illegal conduct.

27.     Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Retaliation

28.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

29.     Plaintiff was an employee eligible for protected leave under the FMLA.

30.     Defendant is and was an employer as defined by the FMLA.

31.     Following a serious medical incident, Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

32.     Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

33.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34.     Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count 2: FMLA Interference

35.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

36.     Plaintiff was an employee eligible for protected leave under the FMLA.

37.     Defendant is and was an employer as defined by the FMLA.

38.     Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

39.     Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

40.     Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41.     Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment awarding Plaintiff damages in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)     Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c)     Award any other and further relief as this Court deems just and proper.

5

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.


Respectfully Submitted:

*/s/ Abby D. Salzer*
Abby D. Salzer
Florida Bar No.: 591475
*/s/ Kyle Goss*
Kyle Goss
Florida Bar No.: 1002414

**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570 Ext. 104
F: (866) 580-7499
Abby.Salzer@spielbergerlawgroup.com
Kyle.goss@spielbergerlawgroup.com
*Attorneys for Plaintiff*

6